VERNON LEE COX V. STATE

No. 32,067. June 25, 1960

Motion for Rehearing Overruled October 19, 1960

John T. Boyce, Dallas, for appellant.

Henry Wade, Criminal District Attorney, Frank W. Watts, Thomas B. Thorpe, Phil Burleson, Assistants District Attorney, Dallas, and Leon Douglas, State's Attorney, Austin, for the state.

DICE, Judge.

The offense is robbery with firearms; the punishment, 99 years.

Gus Carras, the prosecuting witness, who was the owner and operator of the Olympia Sea Food Grill located at 3000 Gaston Avenue in the city of Dallas testified that on the night of August 20, 1959, while he was standing behind the cash register, a man came in the place around 8:40 P. M. carrying a shot gun and pointed it at him; that he went to the back and began throwing cups at the man and ordered him out of the place; that while he was in the back, a customer in the place proceeded to take the money out of the cash register, give it to the man with the gun, who, after obtaining the money, left. Carras testified that some $400 was taken without his consent and that at such time he was placed in fear of his life or serious bodily injury. Carras further testified that on such occasion the man with the gun was wearing a hat and black shirt, and had a stocking over his face.

The state's witness, Miller, testified that on the night in question he saw a man, whom he identified as the appellant, coming out of the Olympia Grill around 8:45 P. M. carrying a shot gun and "backing" two people out of the place. The witness stated that at such time appellant was wearing a hat, a dark striped shirt and had a stocking over his face. He further stated that as appellant ran around the corner he observed him take off his shirt, throw it to the ground and that when he last saw appellant he did not have the gun and was not wearing the hat and stocking over his face.

The proof further showed that in the investigation which ensued the officers found in a nearby parking lot a shot gun fully loaded, and a hat and ladies' stocking, which were identified by the witnesses as of a similar appearance to the gun carried by appellant and the hat and stocking worn by him on the night in question. A shirt was also found by the witness, Miller, and identified by him as the shirt worn by appellant.

It was further shown that on the night of August 27, 1959, the appellant was arrested by officers Jones and Rucker as he fled from a Safeway store in the city of Dallas after he had fired upon the officers with a shot gun and had been wounded by the officers who returned the fire.

As a witness in his own behalf, appellant denied that he was present at the Olympia Grill on the night of August 20, 1959, and denied committing the robbery charged against him.

Appellant's sole contention on appeal is that the court erred in admitting the testimony showing his arrest in connection with

the Safeway store robbery seven days after the robbery for which he was on trial. We find no error in the admission of such testimony. The evidence was undisputed that the appellant fled from the scene of the Olympia Grill robbery. He had not been apprehended until his arrest at the scene of the Safeway store robbery. Evidence of flight is always admissible and the fact that the circumstances of such flight shows the commission of another crime does not render the evidence inadmissible. Spears v. State, 91 Tex. Cr. R. 51, 237 S. W. 270. The case of Damron v. State, 58 Tex. Cr. R. 255, 125 S. W. 396, relied upon by appellant, is not here controlling because in that case the accused had been arrested and was on bond for the offense for which he was on trial prior to his flight and arrest for the other and different offenses. It is further observed that there was other evidence admitted in the instant case without objection which showed the appellant's arrest for the Safeway store robbery.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.