**Albert Lee CRENSHAW, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 37884.**

Court of Criminal Appeals of Texas.

April 14, 1965.

Rehearing Denied May 19, 1965.

L. Clifford Davis, Willie E. Griggs, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Grady Hight, Asst. Dist. Atty., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

Our prior opinion and order of reversal is withdrawn.

The offense is robbery; the punishment, enhanced by two prior convictions for felonies less than capital, life.

The appellant, an escaped convict, was arrested on January 18, 1964. He gave his name as Roy Lee Paige.

George L. Joyner and his wife identified appellant in a police lineup and at the trial as the man who, shortly after 8 P.M. on July 31, 1963, entered their drive-in grocery and after buying a 7 Up and drinking it on the porch, produced a pistol, held it at Mrs. Joyner's back and told Mr. Joyner to put the money in a brown bag and,

after forcing Mr. Joyner to accompany him for a distance, fled with some $112.00 in currency which Mr. Joyner took out of the cash register and put in the sack as appellant directed him to do.

Appellant's first and principal claim for reversal is that the trial court denied him due process of law in that he denied him effective assistance of counsel at his trial.

These claims are bottomed upon the court's refusal to grant a continuance, which ruling he contends was an abuse of discretion.

The ground upon which a continuance was sought was that the court appointed counsel were not prepared for trial because they had not been notified and did not know that they had been appointed to represent appellant in the robbery trial until the day the case was called for trial.

The record reveals that the indictment was returned on March 31, 1964; that appellant was also indicted for burglary and Attorney Lewis Miller was thereafter appointed to represent appellant in both cases.

On May 21, 1964, Miller was excused and Attorneys Griggs and Davis were appointed in open court.

The robbery case set for trial for June 17, 1964, was postponed to June 22 and again to July 13. It was reached and trial began on July 15, 1964.

Counsel Davis and Griggs testified in support of their motion for continuance that they were prepared to try the burglary case but had made no preparation to try the robbery case because neither of them had notice or knowledge prior to July 15, 1964, that they had been appointed.

There are several reasons why appellant's contention that the trial court abused his discretion in overruling the motion for continuance cannot be sustained.

■ There was no application for continuance in writing, as required by Art. 540 C.C.P. We have held that a conviction

cannot be reversed by reason of refusal of trial court to grant a verbal application for a postponement or a continuance, whether made before or after trial commenced. Walker v. State, 90 Tex.Cr.R. 56, 232 S. W. 509.

The application for continuance was not sworn to by the defendant, as required by Art. 545 C.C.P.

■  The evidence relating to the motion for continuance which appears in the statement of facts is not properly before us. Art. 759a, Sec. 6, Vernon's Ann.C.C.P., requires that the facts adduced in connection with *any* motion be separately filed.

The motion for new trial was not verified by the defendant or his counsel. See cases cited under Art. 756 V.A.C.C.P., Note 11.

There was evidence from which the trial court could find that at least one of appellant's court appointed counsel had ample notice of his appointment and ample time to prepare for trial. The discretion to resolve conflicts in the evidence was that of the trial court. We only review to determine whether such discretion was abused.

The undisputed evidence is that appellant was present when the court appointed counsel for him in both cases pending against him and that said counsel conferred with their client.

There is no evidence that appellant was not informed or did not understand that said counsel were appointed to represent him in both cases.

There is no evidence other than the statement of said court appointed counsel that they were not prepared for trial.

On the hearing of the motion for new trial, there was no showing that additional evidence was available or that a more favorable verdict might have resulted had a continuance been granted.

The remaining claim of error relates to the admission of evidence, over appellant's objection, to the effect that in the latter part of January, following his arrest on January 18, 1964, after being taken into the District Attorney's office and his handcuffs removed, appellant escaped and ran down the street.

■  Appellant was in custody to answer the charge of robbery as well as the charge of burglary. Evidence of flight was admissible as tending to show guilt. Cawley v. State, 166 Tex.Cr.R. 37, 310 S.W.2d 340, cert. denied, 361 U.S. 920, 80 S.Ct. 266, 4 L.Ed.2d 188; Cox v. State, 170 Tex.Cr.R. 128, 338 S.W.2d 711; Hutchins v. State, 172 Tex.Cr.R. 525, 360 S.W.2d 534.

The prior convictions were proved by records and fingerprint testimony.

■  The evidence is sufficient to sustain the conviction and we find no reversible error.

The state's motion for rehearing is granted, and the judgment is affirmed.