**T. C. JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44821.**

Court of Criminal Appeals of Texas.

April 19, 1972.

Rehearing Denied July 19, 1972.

Walter E. Boyd, Jr., Houston (Court Appointed on Appeal), for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Henry Oncken, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of robbery by assault; punishment, enhanced under Article 62, Vernon's Ann.P.C., life.

Appellant contends that reversible error was committed by the introduction into evidence of an extraneous offense.

The record reflects that after the appellant entered a plea of not guilty before the jury, and prior to any testimony being offered, a hearing was requested on appellant's motion in limine. The jury was retired from the courtroom and the appellant moved the court not to allow the state to produce evidence of any extraneous offense. The court then inquired of the prosecutor if he intended to offer such testimony. The prosecutor replied that he intended to offer evidence of an offense committed "some seven days later." The trial court, relying on Cox v. State, 170 Tex.Cr.R. 128, 338 S.W.2d 711, overruled the motion in limine and the appellant excepted to the ruling.

The evidence shows that on August 17, 1970, the appellant and two companions committed a robbery at Frank's Superette, a grocery store in Houston. For the commission of this offense the appellant was tried and convicted in the instant case.

The evidence also shows that on August 24, 1970, the appellant and two companions committed a robbery at Brennan's Food Center in Houston.

The appellant was positively identified as one of the persons committing the robbery at both places and the record reflects that he had not been arrested and was not on bond for the primary offense at the time of the commission of the extraneous offense. The robberies were similar in nature and appellant was arrested immediately following the second robbery.

No evidence was offered on behalf of the defense.

The court charged the jury that their consideration of such extraneous offense was limited to "determining the intent and the identity" of the appellant.

As heretofore pointed out, the trial court overruled appellant's motion in limine, relying on Cox v. State, supra. Possibly Cox might be distinguished from the instant case in that therein the defendant testified in his own behalf and denied his presence at the place of the commission of the primary offense, whereas in the instant case the appellant offered no defense testimony. However, we feel constrained to re-evaluate the reasoning in Cox v. State, supra, since it seems to be more and more used as authority for showing

independent crimes that tend to shed no light on any disputed issue.

■ True, flight is a circumstance from which an inference of guilt may be drawn. e. g. Ysa s aga v. State, 444 S.W.2d 305; Crenshaw v. State, Tex.Cr.App., 389 S.W.2d 676. Still, flight should show some act or instance of running away. The fact that appellant was in Houston within a seven day period of time does not indicate flight. There must be some circumstance to show that the accused is moving out or running. e. g. Woods v. State, 480 S.W.2d 664; Israel v. State, 158 Tex.Cr.R. 574, 258 S.W.2d 82.

In Woods v. State, supra, a second robbery was committed approximately one hour and a half after the primary robbery. Therein, an automobile was taken at the second robbery which was used by the defendant and his two companions to go to Casa Grande, Arizona. This court held that the extraneous offense of taking the automobile and fleeing the state was admissible to show flight.

In Israel v. State, supra, the defendant was convicted for felony theft of an automobile. The next day after the commission of the offense he wrecked the automobile some twelve miles from the location of the theft and stole another automobile and drove to New Mexico where he abandoned the second automobile. This court held that the taking of the second automobile was admissible, especially to show flight.

■ This court has consistently held the general rule to be that an accused is entitled to be tried on the accusation made in the state's pleading and not on some collateral crime, or for being a criminal generally. e. g. Powell v. State, 478 S. W.2d 95; Chandler v. State, 417 S.W.

2d 68; Hafti v. State, 416 S.W.2d 824; Young v. State, 159 Tex.Cr.R. 164, 261 S.W.2d 836.

Exceptions to the general rule (other than flight as heretofore discussed) are set out in 23 Tex.Jur.2d, Evidence, Sec. 195, at p. 300, where it is written:

"Evidence of the commission of other crimes by the accused is admissible as part of the res gestae or to show identity of the person or crime, intent, motive, scienter, system, and malice. Evidence of other crimes is also admissible to discredit the accused when he testifies in his own behalf, or to show his failure to have reformed, or to controvert a defensive theory advanced by him."

See also, Bryant v. State, Tex.Cr.App., 471 S.W.2d 66; Owens v. State, Tex.Cr. App., 450 S.W.2d 324.

■ None of such exceptions is evident in the instant case. Even though the trial court limited the jury's consideration to determining intent and identity, clearly the intent was established by the appellant's brandishing a pistol and committing the robbery, and identity was positively established by four eye witnesses. Such testimony was undisputed. No defensive theory was urged.

We conclude that reversible error was committed by the admission of the extraneous offense. To the extent that Cox v. State, 170 Tex.Cr.R. 128, 338 S.W.2d 711, and other cases are inconsistent with our holding herein, they are overruled.

In view of our disposition of the case on the issue ruled on herein, other grounds of error will not be discussed.

For the reason stated, the judgment is reversed and the cause remanded.