Ira **ROGERS**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45217.

Court of Criminal Appeals of Texas.

Sept. 25, 1972.

---

Polk Shelton, II, Austin, for appellant.

Robert O. Smith, Dist. Atty., and Michael J. McCormick, Asst. Dist. Atty., Austin, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for robbery by assault. Punishment was assessed by the jury at fifteen years.

The record reflects that John David Gardiner identified appellant as the person who robbed him at gun point while he was working at Jack Ritter's Service Station, at 2718 Guadalupe Street in Austin, on the evening of March 1, 1971.

Appellant contends that the court was in error in allowing proof of an extraneous offense over appellant's objection.

Leonard Brashears was permitted to testify that appellant robbed him at gun point shortly after 1 A.M., on March 2, 1971, while he was an employee at an Enco station located at 3807 East Avenue in Austin.

The appellant did not testify or offer any testimony at the guilt-innocence stage of the trial.

The State maintains that the extraneous offense was admissible to show identity. They urge that the question of identity was raised by the cross-examination of complaining witness Gardiner.

On direct examination, Gardiner made a positive identification of appellant. On cross-examination of Gardiner, it was developed that he asked to see appellant a second time at the police station before identifying him as the person who robbed him. The witness explained that he asked to see appellant a second time in order to make a positive identification. He further testified that at the time of the robbery, the appellant was standing within two feet of him, and that he "had a good look at him." The cross-examination of Gardiner was extensive. He remained positive about his identification of appellant and was unimpeached on any material detail of his testimony.

In support of its position that cross-examination of the complaining witness raised the question of identity thereby enabling the extraneous offense to be introduced, the State cites the cases of Simmons v. State, Tex.Cr.App., 457 S.W.2d 570 and Ferrell v. State, Tex.Cr.App., 429 S.W.2d 901. In Simmons, none of the cross-examination of the identifying witness is set forth in the opinion. In a case recently decided by this Court, Caldwell v. State, 477 S.W.2d 877, it was contended that cross-examination of the prosecutrix, in a rape case, raised the issue of intent and made it permissible for the State to introduce an extraneous offense. This Court said, "To hold that the cross-examination of this prosecutrix would permit the

introduction of an extraneous offense would be tantamount to holding that such testimony would be admissible in any case where a defendant's counsel exercises the constitutional right of cross-examination. That is not and should not be the law." In Caldwell, as in the instant case, the witness was not impeached on any material detail of her testimony. In Ferrell v. State, supra, where the introduction of an extraneous offense was held permissible on the issue of identity, the defendant had offered the defense of alibi. Further, the testimony in Ferrell, by the prosecuting witness, was to the effect that the robber wore a woman's hose over his face at the time in question. In the instant case, we fail to find where the issue of identity was raised when the complaining witness was unimpeached in his positive identification of appellant. This Court's opinion in Mendoza v. State, 459 S.W.2d 439, cited by the State, concludes with this language, "Under any circumstances, the evidence (extraneous offense) would clearly have become admissible on the issue of identity after the appellant interjected his defense of alibi." In Mendoza, the offense charged was unlawfully passing as true a forged instrument and the extraneous offense complained of was the attempt to cash a check other than the one on which the defendant was charged with. See Albrecht v. State, Tex.Cr.App., 486 S.W.2d 97 (1972). In Wagner v. State, Tex.Cr.App., 463 S.W.2d 432, relied on by the State, the complaining witness admitted on cross-examination that he could not identify the appellant. The only other witness to the robbery in the Wagner case also admitted inability to identify the accused. In Williams v. State, Tex.Cr.App., 398 S.W.2d 931, also relied on by the State, a co-defendant who had entered a plea of guilty, testified that the defendants did not know anything about the taking of the merchandise which was the basis of the theft charge. This Court concluded in the Williams case that such testimony raised the question of whether the parties were acting together as principals and held that

an extraneous offense was admissible for the purpose of showing identity, system, and intent.

Cox v. State, 170 Tex.Cr.R. 128, 338 S.W.2d 711, is cited by the State for the proposition that the fact that circumstances of flight show commission of another crime does not render the evidence inadmissible. In Jones v. State, 481 S.W.2d 900, this Court noted that reliance on Cox v. State is often misplaced and said:

"The appellant was positively identified as one of the persons committing the robbery at both places and the record reflects that he had not been arrested and was not on bond for the primary offense at the time of the commission of the extraneous offense. The robberies were similar in nature and appellant was arrested immediately following the second robbery.

"No evidence was offered on behalf of the defense.

"The court charged the jury that their consideration of such extraneous offense was limited to 'determining the intent and the identity' of the appellant.

"As heretofore pointed out, the trial court overruled appellant's motion in limine, relying on Cox v. State, 170 Tex.Cr.R. 128, 338 S.W.2d 711. Possibly Cox might be distinguished from the instant case in that therein the defendant testified in his own behalf and denied his presence at the place of the commission of the primary offense, whereas in the instant case the appellant offered no defense testimony. However, we feel constrained to re-evaluate the reasoning in Cox v. State, supra, since it seems to be more and more used as authority for showing independent crimes that tend to shed no light on any disputed issue.

"True, flight is a circumstance from which an inference of guilt may be

drawn. e. g. Ysasaga v. State, Tex. Cr.App., 444 S.W.2d 305; Crenshaw v. State, Tex.Cr.App., 389 S.W.2d 676. Still, *flight should show some act or instance of running away.* The fact that appellant was in Houston within a seven day period of time does not indicate flight. *There must be some circumstance to show that the accused is moving out or running.* e. g. Woods v. State, Tex.Cr.App., 480 S.W.2d 664; Israel v. State, 158 Tex.Cr.R. 574, 258 S.W.2d 82." (emphasis added)

In the instant case, the record reflects that the extraneous offense occurred within a few blocks of the primary offense. Clearly, flight is not shown.

We find no issue of identity, intent, or motive raised by the evidence which would permit the introduction of the extraneous offense. No defensive theory was raised by the appellant testifying in his behalf or by the presentation of testimony by any other witness. We conclude that reversible error was committed by the admission of the extraneous offense.

We further note that the State elicited testimony from Officer Crumley that he had occasion to look at the arms of the appellant at the police station, and that he saw "fresh needle marks in the area of the vein in the left arm." In light of the error heretofore discussed, we need not determine whether timely objection was made to such testimony. In the event of another trial, we do call attention to a recent case by this Court, Powell v. State, 478 S.W.2d 95 (1972), where it was held that an officer's testimony that defendant's arm bore needle tracks and that such markings were associated with narcotic addiction was inadmissible to show possible motive for theft of lawn mowers in absence of an affirmative link between theft and defendant's alleged narcotics addiction.

For the reason stated, the judgment is reversed and the cause remanded.

Opinion approved by the Court.