Willie Lee HUNTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 50718.

Court of Criminal Appeals of Texas.

Dec. 17, 1975.

Richard A. Anderson and Malcolm Dade, Court-appointed on appeal, Dallas, for appellant.

Henry Wade, Dist. Atty., Steve Wilensky and Hugh Lucas, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of robbery by firearms; the appellant elected to be punished under the provisions of the new Penal Code and the jury assessed his punishment at imprisonment for 50 years.

The appellant does not challenge the sufficiency of the evidence, but he contends that the trial court erred in admitting: (1) evidence of the details of his arrest which showed the commission of extraneous offenses; (2) evidence of the subsequent death of one of the victims of the robbery; and (3) at the punishment stage, evidence of the appellant's reputation.

On August 10, 1973, appellant and two others entered a Warehouse Liquor Store and robbed Jerry Rogers, the complaining witness. The appellant did not testify and he offered no evidence.

The first contention is that the trial court erred in admitting the testimony of Dallas police officer C. L. Daniel concerning the circumstances of the appellant's arrest; he asserts that this testimony showed numerous inadmissible extraneous offenses. Officer Daniel testified that at about 8:30 p. m. on November 20, 1973, he and another officer had under surveillance a Buick automobile parked in front of the Seashore Restaurant in Dallas; the officers were in uniform in a marked patrol car. The appellant, accompanied by a female and another male, left the restaurant, got into the Buick and drove away; the appellant was driving; the female sat in the right front seat, and the other male sat in the back seat. As the Buick drove away, the officers turned on their red lights and siren and drove in behind the Buick. The Buick accelerated and a shot was fired from inside the car through the rear window. As the two cars passed through an intersection, the female passenger leaped from the car while it was traveling approximately sixty miles per hour. The chase continued for six or seven more blocks; more shots were fired at the pursuing police car from inside the fleeing Buick. The appellant was unable to negotiate a turn at a dead end street; the Buick jumped a curb and flipped against a post. The appellant leaped from the car, fired a shot at the officers, and ran up an embankment leading to the expressway. The appellant turned and fired one more time;

Officer Daniel then shot the appellant with a shotgun and placed him under arrest.

■ Evidence of escape from custody or flight to avoid arrest is generally held to be admissible on the issue of guilt. *Fairris v. State,* 515 S.W.2d 921 (Tex.Cr.App.1974); *Johnson v. State,* 156 Tex.Cr.R. 534, 244 S.W.2d 235 (1951); *Gonzales v. State,* 492 S.W.2d 263 (Tex.Cr.App.1973); *Jackson v. State,* 454 S.W.2d 733 (Tex.Cr.App.1970); *Cawley v. State,* 166 Tex.Cr.R. 37, 310 S.W.2d 340 (Tex.Cr.App.1957), cert. denied, 361 U.S. 920, 80 S.Ct. 266, 4 L.Ed.2d 188 (1959). It is also relevant to show the efforts made to locate or apprehend the accused, his pursuit and capture, including his resistance to arrest when overtaken even though this may also prove the commission of another crime. *Martinez v. State,* 140 Tex.Cr.R. 159, 140 S.W.2d 187 (1940). It has been said that the fact that circumstances of flight incidentally show the commission of another crime does not render the evidence inadmissible. *Cox v. State,* 170 Tex.Cr.R. 128, 338 S.W.2d 711 (1960); *Thames v. State,* 453 S.W.2d 495 (Tex.Cr. App.1970); *Spears v. State,* 91 Tex.Cr.R. 51, 237 S.W. 270 (1922). This position was modified and clarified when it was pointed out in *Jones v. State,* 481 S.W.2d 900 (Tex. Cr.App.1972), that reliance on *Cox v. State,* supra, was often misplaced. In *Jones v. State,* supra, it was said:

"... flight is a circumstance from which an inference of guilt may be drawn. e. g. *Ysa s aga [Ysasaga v. State],* 444 S.W.2d 305; *Crenshaw v. State,* Tex.Cr.App., 389 S.W.2d 676. Still, flight should show some act or instance of running away. The fact that appellant was in Houston within a seven day period of time does not indicate flight. There must be some circumstance to show that the accused is moving out or running. e. g. *Woods v. State* [Tex.Cr.App.], 480 S.W.2d 664; *Israel v. State,* 158 Tex.Cr.R. 574, 258 S.W.2d 82."

*Jones v. State,* supra, overruled *Cox v. State,* supra, to the extent it was inconsistent therewith.[1] And see *Rogers v. State,* 484 S.W.2d 708 (Tex.Cr.App.1972).[2] The holding in *Jones v. State,* supra, is consistent with our holding here. We hold here that when the circumstances of flight from arrest also show the commission of crimes other than the one charged, the circumstances incidental to the flight are admissible in evidence even though they may also show extraneous offenses.

■ The record before us shows that the appellant was a fugitive and that when the officers attempted to arrest him, he fled. Each of the extraneous offenses shown was part of and incidental to the appellant's attempted flight to avoid arrest. Evidence of the circumstances surrounding appellant's arrest was properly admitted. This ground of error is overruled.

Appellant next asserts that the trial court erred in admitting evidence of the subsequent death of one of the victims of the robbery because this was hearsay evidence and the witness was not qualified to testify to such facts. The complaining witness, Rogers, testified that shortly after the robbery Jay Brown, the manager of the liquor store, and one of the victims of the robbery, seemed quite shaken and kept holding his chest. Rogers said that he told Brown to go home and take it easy. At this point in the testimony appellant's counsel objected as follows:

1. In *Cox v. State,* supra, the accused committed one robbery, and then was captured as he left the scene of another robbery, one week later. The fact that the accused participated in the second robbery had no bearing on his flight to avoid arrest in connection with the first robbery.

2. In *Rogers v. State,* supra, the defendant committed the offense of robbery by assault. The State introduced testimony that the defendant committed another robbery by assault a few hours after the first offense. Clearly, the commission of the second offense has little or nothing to do with flight to avoid arrest in connection with the first offense.

"Your Honor, we would object to the whole matter of testimony as to what the other gentleman looked like and what he was, because this was after the alleged offense and we feel like it is not pertinent here and we feel it is only done for one purpose, and that is to make it look worse than it really is.

"THE COURT: Overruled."

The record then reflects the following:

"Q. [ASSISTANT DISTRICT ATTORNEY]: Where is Mr. Brown today, sir?

"A. Mr. Brown is deceased.

"Q. When did he die, sir?

"A. He died about an hour and fifteen minutes after the robbery.

"Q. And what of, if you know?

"A. A heart attack."

Appellant offered no further objections.

■ Appellant's vague, general objection was insufficient to preserve error. *Jackson v. State,* 516 S.W.2d 167 (Tex.Cr. App.1974); *Franklin v. State,* 494 S.W.2d 825 (Tex.Cr.App.1973); *Holmes v. State,* 493 S.W.2d 795 (Tex.Cr.App.1973). Further, appellant did not object to the testimony of Brown's death. Failure to object presents nothing for review. *Bell v. State,* 501 S.W.2d 137 (Tex.Cr.App.1973); *Navajar v. State,* 496 S.W.2d 61 (Tex.Cr.App.1973). On the following day at the end of the guilt or innocence stage of the trial appellant objected to the evidence of Brown's death. That objection was untimely and presents nothing for review. *Guzman v. State,* 521 S.W.2d 267 (Tex.Cr.App.1975); *Phillips v. State,* 511 S.W.2d 22 (Tex.Cr.App.1974). The trial judge did, however, after observing that the objection was untimely, instruct the jury to disregard the evidence admitted about which complaint is now made. This ground of error is overruled.

The appellant's remaining ground of error is that "the trial court erred in allowing before the jury the testimony of John W. Palich with regard to the reputation and general character of the appellant, when such reputation was not put in question, and the form of the inquiry was not proper."

■ At the punishment phase of the trial, the reputation of the appellant is an issue under the provisions of Art. 37.07, Sec. 3(a), V.A.C.C.P. *Smith v. State,* 414 S.W.2d 659 (Tex.Cr.App.1967); *Nelson v. State,* 505 S.W.2d 271 (Tex.Cr.App.1974); *Simmons v. State,* 504 S.W.2d 465 (Tex.Cr.App.1974); *Broadway v. State,* 418 S.W.2d 679 (Tex.Cr. App.1967). Officer Palich of the Mesquite Police Department testified that the appellant's reputation as a peaceful law-abiding citizen was bad. During the officer's direct examination defense counsel was permitted a voir dire examination of the officer to determine whether he was qualified to testify concerning the appellant's reputation. Under questioning by defense counsel the witness gave the names of three citizens of Mesquite, two law enforcement officers and one Elgin Cortez Spears as persons with whom he had discussed appellant's reputation.

Defense counsel's questions revealed that Spears was a black male citizen who had lived in the area where the appellant resided. Defense counsel then asked the witness when the last time was that he had spoken with Spears and if he had asked Spears, "What do you think about Willie Lee Hunter's reputation for truth and veracity in the community? Is that what you said?" The officer replied that that was not specifically what he had asked Spears when they had last conversed in the early part of 1974. The prosecutor interrogated the witness after defense counsel's voir dire and elicited a response that Spears was now in prison. The prosecutor then asked the witness to relate the substance of the conversation he had had with Spears. Without objection, the witness answered, "Elgin Spears told me that he, Willie Hunter and Andrew Doyle Hogg robbed the Steak Palace Club in Mesquite on November 11, 1973." Defense counsel's objection, which was made

after the question was answered, was sustained and the court instructed the jury to disregard both the question and answer.

■ No further relief was requested; absent a motion for mistrial, reversible error is not presented. *Burks v. State,* 432 S.W.2d 925 (Tex.Cr.App.1968); *Mendoza v. State,* 492 S.W.2d 489 (Tex.Cr.App.1973). If the trial court had granted a mistrial sua sponte, a serious question of former jeopardy might be raised in a subsequent trial. *Taylor v. State,* 474 S.W.2d 207 (Tex.Cr. App.1971), and see *United States v. Jorn,* 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971). This ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.