**Jack Richard GOBIN, Jr., Appellant,**

v.

**The STATE of Texas, State.**

**Nos. 2–84–053–CR to 2–84–055–CR.**

Court of Appeals of Texas,
Fort Worth.

Feb. 13, 1985.

Robert J. Wilson & Associates, Inc. and Robert J. Wilson, Burleson, for appellant.

Tim Curry, Criminal Dist. Atty. and Mary Thornton Taylor, Fort Worth, for appellee.

FENDER, C.J., and BURDOCK and GRAY, JJ.

## OPINION

GRAY, Justice.

Jack Richard Gobin, Jr. has appealed his conviction on three counts of delivery of a controlled substance, to-wit: amphetamine less than 200 grams. The case was tried to a jury which returned a verdict of guilty and then assessed a punishment of three concurrent sentences: two three-year sentences in the Texas Department of Corrections and one eight-year probated sentence.

We reverse and remand for a new trial.

The evidence shows that Kathy Ward, an undercover narcotics agent for the Fort Worth Police Department, was introduced to a police informant who was then under indictment for auto theft. The informant led Officer Ward to the home of appellant and appellant's wife for the purpose of buying amphetamine. Officer Ward testified that, at that time, appellant stated that he was waiting on his supplier, named Wes, to deliver the drugs and did not then have any in his possession. On three later occa-sions, appellant sold amphetamine to Officer Ward and was arrested the third time. At the time of arrest, a pistol was found in the car appellant was driving.

At trial, appellant claimed that the informant was the appellant's roommate and that the informant provided the appellant with drugs to supply the appellant's addiction. The appellant testified that the informant came to him and asked him to sell some amphetamine to a school friend of the informant's (Officer Ward posed as that friend), and that he flatly refused to do so the first time he was introduced to the school friend. The appellant claimed that the informant threatened to withhold drugs and rent money from appellant if appellant did not sell amphetamine to Officer Ward, and that appellant would not otherwise have done so. The appellant also testified that the informant supplied the drugs which were eventually sold to Officer Ward.

Based on these alleged facts, appellant asserted the defense of entrapment under TEX.PENAL CODE ANN. sec. 8.06 (Vernon 1974). Appellant tried to introduce several indictments pending against the informant to show that the informant had an incentive to cooperate with the police and to help them "make a case." The trial court refused to admit the indictments. The trial court also refused a directed verdict of acquittal based on entrapment and refused an instruction on entrapment in the charge. The pistol was admitted into evidence.

The appellant's first ground of error complains of the trial court's denial of an instructed verdict of acquittal. The second ground of error complains of the denial of an instruction on entrapment in the charge. We will discuss these two grounds together.

Section 8.06 reads as follows:

(a) It is a defense to prosecution that the actor engaged in the conduct charged because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense. Conduct merely af-

fording a person an opportunity to commit an offense does not constitute entrapment.

(b) In this section "law enforcement agent" includes personnel of the state and local law enforcement agencies as well as of the United States and any person acting in accordance with instructions from such agents.

*Id.*

Thus, the issue of entrapment in this case was two-pronged: (1) was the informant acting under police instructions, and (2) if so, did his conduct constitute persuasion or other means likely to cause the appellant to commit the offense, excluding conduct which merely afforded the appellant an opportunity to do so? The State argues that there was no evidence of either prong to support an instruction on entrapment or an instructed verdict of acquittal.

■ On the first prong, the State admits that the informant was acting in concert with the police, but alleges that if the informant used any illegal means to induce the appellant to commit the crimes charged, he did so without the knowledge or consent of the police. The State argues that the first prong of the issue of entrapment was not raised and that neither an instruction on entrapment nor an instructed verdict thereon was warranted because the appellant presented no evidence that the informant was acting under specific instructions from the police to entrap the appellant or that he was under their general control, as required by *Rangel v. State*, 585 S.W.2d 695, 699 (Tex.Crim.App.1979). We agree that an instructed verdict was not warranted, but we think there was justification for an instruction on entrapment.

Though the evidence was far from conclusive, there was some evidence that the informant was under the general control of the police. At trial, appellant was prevented from introducing three indictments pending against the informant to show that the informant's conduct was under the control of the police. The State cites *Taylor v. State*, 612 S.W.2d 566, 571 (Tex.Crim.App. 1981) as authority for the exclusion of such

evidence. However, that case is not on point. In *Taylor*, the informant was not the person who had allegedly entrapped the defendant into criminal conduct, but rather, the police officer had allegedly done so. In that case, the question of whether or not the informant was under police control was not in issue. In the case at hand, the informant himself allegedly entrapped the appellant. He was more than an informant, he was an active participant. Therefore, the question of whether he was under police control is in issue, even though the informant did not testify.

We should point out that the recent opinion in *Soto v. State*, 681 S.W.2d 602 (Tex. Crim.App.1984) does not control the issue of whether an instruction on entrapment should have been submitted to the jury. In *Soto*, the judge was the trier of fact and was authorized to weigh the evidence. In the case at bar, the jury was the trier of fact, and if any evidence existed to support the allegation that the informant was acting under police control, then the first prong was raised. We hold that there was such evidence and that the first prong of the entrapment defense was raised, though not proven conclusively.

The second prong of the entrapment defense is whether the appellant was induced to commit a crime by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense; with the caveat that conduct merely affording appellant an opportunity to commit an offense does not constitute entrapment.

The appellant alleges that the informant threatened to withhold drugs which the appellant needed for his own addiction unless appellant sold drugs to Officer Ward. Appellant also alleges that the informant threatened to withhold his share of the rent which was due.

■ The State cites *Bush v. State*, 611 S.W.2d 428, 432 (Tex.Crim.App.1980) (on rehearing) to show that "[a] promise to get appellant high on dope is so unlikely to induce a person not already so disposed, to commit the criminal offense charged as to

not even raise the issue of entrapment." Since we are bound to follow this decision, we hold that the informant's alleged threats to withhold drugs did not constitute evidence which could help raise an issue of entrapment.

■ The alleged threat to withhold rent money is different. There is no authority to the effect that such a threat would not induce a person to commit a crime who is not already so disposed. Furthermore, we are not prepared to rule that, as a matter of law, people cannot be induced to commit crimes for money.

■ Once again, the proof of the appellant's entrapment was far from the conclusive evidence which was needed to support an instructed verdict. For instance, if the informant supplied the drugs to be sold to Officer Ward, if Officer Ward posed as the informant's friend, and if the appellant did not want to sell the drugs to the informant's friend, why didn't the appellant simply tell the informant to sell his own drugs to his own friend? Nevertheless, the veracity of the witness is for the jury to decide. Since the appellant testified to allegations which, if true, would constitute entrapment, the second prong of entrapment was raised and appellant was entitled to have an instruction on entrapment submitted to the jury.

■ We hold that the trial court did not err in refusing a directed verdict on entrapment, but did err in refusing an instruction thereon in the charge. The appellant's first ground of error is overruled, but his second ground of error is sustained.

The appellant's third ground of error complains that the trial court erred in allowing a pistol to be admitted into evidence because it was evidence of an extraneous offense. The State contends that it was part of the "res gestae" of the offense.

The State cites *Albrecht v. State,* 486 S.W.2d 97, 100–01 (Tex.Crim.App.1972), which stated six exceptions to the rule excluding evidence of extraneous offenses: (1) to show the context in which the criminal act occurred—the "res gestae"; (2) to circumstantially prove identity; (3) to prove scienter; (4) to prove malice; (5) to show motive; or (6) to refute a defensive theory. The State relies on the first exception— "res gestae"—to justify admission of the pistol into evidence.

"The test for determining the admissibility of any type of evidence is whether the probative value outweighs its inflammatory aspects, if any." *Id.* at 99.

■ The appellant in this case did not deny selling amphetamine to Officer Ward, nor did he deny that he knew that he was committing a crime. Therefore, the pistol had no probative value whatsoever in establishing the State's case-in-chief. We hold that the pistol should not have been admitted into evidence as part of the State's case-in-chief where the elements of the crime were undisputed. *See Jones v. State,* 481 S.W.2d 900, 902 (Tex.Crim.App. 1972).

■ However, we believe that the pistol was relevant to a defensive theory raised by the appellant and would, therefore, be admissible under the sixth exception of *Albrecht,* 486 S.W.2d at 101. By raising the defense of entrapment, the appellant was telling the court that he had not been involved in the selling of amphetamine until the informant coerced him in that direction. The existence of the pistol in the car the appellant was driving tends to refute this defense. Thus, even though the appellant cannot be tried for being a criminal generally, *Albrecht,* 486 S.W.2d at 100, we hold that it was he who gave the pistol its probative value and that the pistol may be admitted into evidence to refute the defense of entrapment. The appellant's third ground of error is overruled.

Reversed and remanded.