**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Max WALDMAN, Defendant-Appellant.**

**No. 173, Docket 24313.**

United States Court of Appeals Second Circuit.

Argued Dec. 5, 1956.

Decided Jan. 16, 1957.

Louis Bender, New York City, for appellant.

Cornelius W. Wickersham, Jr., Chief Asst. U. S. Atty., E.D.N.Y., Brooklyn, N. Y. (Leonard P. Moore, U. S. Atty.,

and Paul Windels, Jr., and Frances Thaddeus Wolff, Asst. U. S. Attys., Brooklyn, N. Y., on the brief), for appellee.

Before CLARK, Chief Judge, and FRANK and LUMBARD, Circuit Judges.

CLARK, Chief Judge.

█ The defendant, a trucker, has been convicted of stealing 106 bales of crude rubber, loaded on his truck in the course of shipment from Pier 9, Staten Island, New York, to an Ohio destination and owned by the General Services Administration of the United States Treasury Department. The indictment charged him in two counts, the first with stealing from an agency of the United States in violation of 18 U.S.C. § 641 and the second with stealing articles moving in interstate commerce in violation of 18 U. S.C. § 659; and he has received concurrent sentences of imprisonment on each count. There was ample evidence, both direct and circumstantial, implicating him in the theft. Thus his only chance of success on this appeal is to sustain his claim of errors in the actions of the trial judge. But these we find trivial or nonexistent; the conviction is amply justified.

██ Perhaps the most stressed of the alleged errors is in connection with the testimony for the prosecution of Haenlein, a truckman, from whose garage the stolen rubber was ultimately recovered and who identified defendant as having delivered it to him. On cross-examination defendant's counsel had the government produce a statement from Haenlein taken by the FBI and then procured its admission in evidence. Then when he sought to read it to the jury, the judge at first demurred, saying that counsel was just consuming time and that the statement did not contradict Haenlein's testimony. But counsel pointed out a contradiction between Haenlein's testimony that he was present in his garage when the rubber arrived and helped the defendant unload it and his statement wherein he claimed that he found the rubber in his garage when he returned at night. The judge then allowed the statement to be read; and the inconsistency was immediately and thoroughly developed by both counsel on redirect and recross examination, with Haenlein conceding that the statement was not true and asserting that his present testimony was. On summation defense counsel exploited this inconsistency in every way readily conceivable in calling Haenlein an unmitigated liar, and the prosecutor's lengthy reply certainly served to make added correction if that was necessary. So the judge's hasty characterization, thus so quickly and completely clarified and corrected, has been magnified beyond all reality of trial in view of the simple factual issue presented and the overwhelming proof of defendant's guilt. As is thoroughly settled, a federal judge has authority to comment on the evidence if he leaves the issues of fact to the jury's decision. Here in a fair and judicious charge the court made it clear that the task of evaluating the evidence was solely for the jury. We find no reversible error in this incident.

█ Another incident concerned this same witness. During counsel's summation for the defense he said that Haenlein was plenty "scared," as there was a charge pending against him "for stealing this rubber." The judge interrupted to say that there was no evidence in the case as to the nature of any charge, merely that he was arrested. This was literally true and therefore unobjectionable, as counsel appeared to agree at the time, even though the circumstance of Haenlein's being found with the stolen rubber in his garage did pretty well identify the probable nature of the charge. The further contention that the judge in his charge characterized Haenlein's testimony as one of "the undisputed things" he had referred to somewhat earlier is hardly a fair or natural reading of what he said.

█ Two further assignments disclose even less merit. Evidence that defendant fled in the course of an investigation by local authorities into this same theft is clearly admissible to show

**452**

consciousness of guilt. United States v. Heitner, 2 Cir., 149 F.2d 105, 107, certiorari denied Cryne v. United States, 326 U.S. 727, 66 S.Ct. 33, 90 L.Ed. 432; Gicinto v. United States, 8 Cir., 212 F.2d 8, certiorari denied 348 U.S. 884, 75 S. Ct. 125, 99 L.Ed. 695; Vick v. United States, 5 Cir., 216 F.2d 228, 232. It was proper to establish the flight by showing police efforts to locate him, Kanner v. United States, 7 Cir., 34 F.2d 863, 866, and the evidence is not weakened because technically it involved a state offense. Evidence from a government witness that defendant near the time of the theft attempted to sell rubber similar to that stolen was admissible. See United States v. Dolasco, 3 Cir., 184 F.2d 746, 748. The record does not sustain the defendant's claim that this could not have been the same rubber—that the stolen rubber had not yet arrived in this country.

▆▆▆▆ Not only was the defendant fairly convicted; in fact he has been the recipient of unusual, if not undue, favor. Immediately upon his conviction on March 15, 1954, he was admitted to bail and has remained enlarged on bail ever since. The last day to file his record on appeal was September 30, 1954— a fairly generous allowance in itself. The record was, however, actually filed October 26, 1956. The interval was covered by agreements of counsel for such extension, granted, as the prosecution informs us, at defendant's request. We think the United States would be well advised to agree to such extensions requested by prisoners out on bail only for pressing reasons and, if nothing better is adduced than convenience or engagements of counsel, should refuse such requests or refer them to the court for action. Such unexcused delay may suggest a need to revoke bail. Under the newly amended rule, F.R.Cr.P., rule 46(a) (2), bail should not be allowed where it appears that the appeal is "taken for delay"; this would imply that a grant may be recalled when the delay has become quite apparent.

Affirmed.