**UNITED STATES of America**

v.

**Max WALDMAN.**

**Crim. No. 43385.**

United States District Court
E. D. New York.

Frederick A. Terry, Jr., New York City, for petitioner.

Cornelius W. Wickersham, Jr., U. S. Atty. for the Eastern District of New York, Brooklyn, N. Y., by Morton Schlossberg, Asst. U. S. Atty., Brooklyn, N. Y.

BYERS, Chief Judge.

This is a motion (heard May 26, 1958) for relief under 28 U.S.C. Section 2255, namely

(1) For an order setting aside the sentence heretofore imposed upon the defendant;

(2) For an order directing the United States to transfer him to the jurisdiction of this court to enable him to consult in private with his counsel in connection with a hearing which he seeks;

(3) For other and further relief.

The affidavit of the defendant verified May 5, 1958 refers to an interview between the defendant and an Agent of the FBI on April 23, 1957 in connection with which the allegation is that the Agent

"informed the deponent that a man named Foster Rogers had been arrested by the FBI in 1952 and had been charged with the offense for which the deponent was subsequently convicted. Deponent now has reason to believe that Rogers made statements to the FBI tending to show that the deponent was not implicated in any way in the commission of this offense. The Assistant United States Attorney for the

Eastern District of New York who prosecuted the above-entitled action against the deponent did not call Rogers as a witness in that action, nor did he inform the deponent or his counsel of the existence of Rogers or that Rogers had made statements to the FBI bearing upon the commission of the offense for which deponent was subsequently convicted. Deponent, had he known at the time of his trial of the existence of Rogers and of that individual's apparent familiarity with the facts surrounding the commission of the offense for which deponent was convicted, would have called Rogers as a witness at deponent's trial."

I was of the opinion at the hearing of the motion that the foregoing is inadequate as a matter of law to support the application. However, since the defendant is now represented by counsel assigned by the Court of Appeals for the Second Circuit, I deemed it the part of wisdom to direct the United States Attorney to secure affidavits from George H. Treadwell, the FBI Agent referred to in the affidavit above quoted, and from Paul Windels, Jr., who was then the Assistant United States Attorney who conducted the prosecution.

Those affidavits were procured, and under date of June 11th were filed with the motion papers. Copies of those affidavits have been supplied to defendant's counsel.

The motion is denied for the following reasons:

(1) I am persuaded by the said affidavits that the foregoing statements quoted from the defendant's affidavit are not only insufficient in form, but untrue in fact.

(2) The decision in the case of Alcorta v. State of Texas, 355 U.S. 28, 78 S.Ct. 103, 2 L.Ed.2d 9, is not an authority for the granting of this motion.

(3) The statute under which the application is made expressly provides:

"A court may entertain and determine such motion without requiring the production of the prisoner at the hearing."

(4) The circumstances involved in the case are discussed at length, upon the original appeal from the conviction, in United States v. Waldman, 2 Cir., 240 F. 2d 449.

The defendant has been represented on this motion by Mr. Frederick A. Terry, Jr., who was assigned as above stated. This court is indebted to him for the conscientious way in which he has discharged his duties.

As above stated, the motion is denied. Settle order.