[Crim. No. 6144. Second Dist., Div. Three. Oct. 28, 1958.]

THE PEOPLE, Respondent, v. MANUEL FLORES AL-
 VARADO et al., Defendants; JOHN ALVARADO,
 Appellant.

John Alvarado, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Lynn Henry Johnson, Deputy Attorney General, for Respondent.

SHINN, P. J.—Appellant John Alvarado and his brother Manuel were jointly charged with the crime of burglary. The public defender was appointed counsel for both defendants. Manuel pleaded guilty and John not guilty. In a jury trial John was found guilty of burglary and the degree of his crime was found to be of the second degree. Appellant's motion for a new trial was denied and he appeals from the order and from the judgment.

The uncontradicted evidence shows that a warehouse building located in Los Angeles County was broken into and entered by Manuel at about 3:30 a. m. on July 1, 1957. The evidence as to the participation in and commission of the charged crime by appellant was in substance, as follows: One of the police officers, who had proceeded to the warehouse building in response to a burglary alarm, took a position in a passageway at the rear of the building; he heard a noise inside the building, observed a rear window being opened outwards, and saw two persons emerge from the opened window space, drop to the ground, and start to run; he commanded the two persons to halt, identifying himself as a police officer; when the two persons did not stop, he fired one shot toward them; they stopped and were placed under arrest. He identified one of them as Manuel Alvarado and the other as John Alvarado. Questioned by the officer, appellant replied "that they were just looking around." In a second conversation held while appellant was under arrest, the officer asked appellant alone what his reason was for going into the building and appellant replied that "he went in to look for a restroom."

Upon the trial appellant testified that he had been drinking for several hours on the night in question; he was sleeping or dozing in a passageway at the rear of the warehouse; he had not broken into nor entered the building; he was entirely unaware that Manuel had entered the building; he had started to run away from the scene only because he had suddenly been awakened from his stupor and had observed Manuel running, and not because he was aware that a crime

had been committed or that a police officer was trying to arrest him. Appellant also denied that he had ever told the arresting officer that he had entered the building.

Appellant urges that the evidence was insufficient to show any intent on his part to commit larceny or any felony in entering the warehouse building, even if the evidence be regarded as sufficient to show that he entered the warehouse building. This contention is devoid of merit. While it was necessary for the prosecution to show that the appellant entered the premises with intent to commit a theft, it is settled that such intent may be inferred from all the facts and circumstances disclosed by the evidence; and that, where the evidence is sufficient to justify a reasonable inference that such intent existed, the verdict may not be disturbed. (*People* v. *Franklin,* 106 Cal.App.2d 528, 530 [235 P.2d 402]; *People* v. *Henderson,* 138 Cal.App.2d 505, 509 [292 P.2d 267]; see also *People* v. *Soto,* 53 Cal. 415, 416; *People* v. *Swenson,* 28 Cal. App.2d 636, 639-640 [83 P.2d 70]; *People* v. *Franklin,* 153 Cal.App.2d 795, 797-798 [314 P.2d 983].)

In evidence we have recited and under the principles set forth in the cited cases, it appears clearly herein that the evidence was sufficient to justify a reasonable inference that an intent to commit a theft existed; and accordingly the verdict may not be disturbed.

Appellant also contends that the only factor tending to establish guilt on his part was his flight when he was suddenly aroused from his stupor; and that mere flight is not indicative of guilt unless it appears that the accused knew that he was charged with a crime (citing *People* v. *Draper,* 69 Cal.App.2d 781 [160 P.2d 80]). Here the proof of appellant's commission of the crime charged was not solely founded on evidence that he was merely found near the scene of the crime or that he attempted to flee from a police officer. Although flight may not be indicative of guilt unless it appears that the accused knew he was charged with a crime, the jury could reasonably infer that appellant knew he was being apprehended for the commission of a crime when he attempted to flee from the scene of the crime.

Appellant further contends that the testimony of the arresting officer that he saw appellant and his brother climb out of a rear window and begin to run was so inherently improbable that it was unworthy of belief. It is merely argued that from the point where the officer stood he could not have seen the accused emerge from the window. The argument is with-

out merit. (*People* v. *Lyons*, 47 Cal.2d 311, 320 [303 P.2d 329].)

 Finally, it is asserted that error was committed in permitting Manuel Alvarado to be cross-examined concerning certain extrajudicial statements made by him to the police officers in the absence of appellant, and in permitting the police officers on rebuttal to testify as to statements made to them by Manuel.

Manuel was called and testified as a witness on behalf of appellant. In substance, he testified on direct examination that he alone had entered the warehouse building; that appellant at said time was dozing or sleeping in the alley at the rear of the building; that appellant was not with him when he (Manuel) threw a rock through one of the building's windowpanes or when he entered the building; and that appellant had not entered the building at any time. On cross-examination, Manuel denied that he had thrown the rock through the windowpane to see if the burglar alarm would go off. After proper foundation was laid, he was then asked whether he had not made certain specific statements to named police officers wherein he had told said officers that he had thrown a rock through a windowpane to see if the burglar alarm would go off; that appellant was with him at said time; and that, when they heard nothing after breaking the windowpane, both he and appellant entered the building. Manuel denied making said statements. On rebuttal, the People called the police officers who testified that Manuel, on the night of the arrest and on the following day at jail, had made said statements to the officers.

While it is true enough that declarations of a codefendant not on trial made in the absence of the defendant on trial are not ordinarily admissible, appellant himself here called Manuel as a witness on his behalf, and thereby necessarily consented to relevant cross-examination and impeachment of his witness by proof of prior inconsistent statements. It was proper to cross-examine him as to prior inconsistent statements made to the police officers relative to said matters, and, upon his denial of such prior inconsistent statements, to impeach him on rebuttal by proof of said prior inconsistent statements. Accordingly, no error appears. (Code Civ. Proc., § 2052.)

Upon application of appellant for appointment of an attorney on the appeal, the matter was referred to the Los Angeles Bar Association Committee on Criminal Appeals for an exami-

nation of the record and report to the court. There was filed with the court a comprehensive and carefully prepared report by a member of the committee fully supporting his expressed opinion that no arguable ground existed for reversal of the judgment and order denying motion for new trial. After our own examination of the record, the request for appointment of counsel was denied; defendant was duly advised and has filed briefs in his own behalf. The appeal has been considered on its merits.

The evidence being sufficient to sustain the verdict and judgment of conviction and no prejudicial error appearing, the judgment cannot be disturbed.

The judgment of conviction and the order denying a new trial are affirmed.

Wood (Parker), J., and Vallée, J., concurred.