**UNITED STATES of America,**
**Appellee,**

v.

**Martin AYALA, Appellant.**

**No. 362, Docket 27432.**

United States Court of Appeals
Second Circuit.

Argued May 22, 1962.

Decided Sept. 11, 1962.

The indictment charged the appellant with receiving, concealing, selling and facilitating the transportation, concealment and sale of illegally imported heroin, in violation of 21 U.S.C.A. §§ 173, 174. Appellant was convicted on all three counts and sentenced to a term of imprisonment of five years on count 1, and ten years on counts 2 and 3, the sentences on all three counts to run concurrently. The sentences on counts 2 and 3 were as a second federal narcotic offender pursuant to 21 U.S.C.A. § 174. The sentence on the first count was as a first offender since the crime charged in the first count preceded the prior conviction.

On appeal, appellant alleges error on two main points. The first point is that the District Court erred in admitting testimony of appellant's trip to Cuba as evidence of "flight." The second point is directed to the sentencing as a second offender on the second and third counts on the theory that the three counts could not be separated for the purpose of sentencing. We find no merit in either of these contentions or in the other miscellaneous objections which have been made and we affirm.

William H. Newkirk, a former narcotics agent, was the only witness who testified as to the actual narcotics transactions. On July 17, 1958 Newkirk was introduced to Ayala by a special employee and they discussed the possibility of sale of heroin. However, no sale was made at that time. Subsequently on July 30, 1958 Newkirk purchased heroin from Ayala, paying for it with $150 of government money. On August 11, 1958, Newkirk and the special agent again met Ayala and the latter offered to sell an ounce of heroin for $150. Ayala left Newkirk and the special employee on the corner of 116th Street and 7th Avenue, New York City, and walked away, returning later and informing Newkirk that he was unable to find his partner and did not have the key to where the heroin was hidden and was unable to make the sale. Arrangements were made for another meeting at the same

Leonard B. Sand, New York City (Robinson, Silverman, Pearce & Aronsohn, New York City, on the brief), for appellant.

Ned D. Frank, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, on the brief; Arthur I. Rosett, Asst. U. S. Atty., of counsel), for appellee.

Before LUMBARD, Chief Judge, and SMITH and MARSHALL, Circuit Judges.

MARSHALL, Circuit Judge.

Martin Ayala was tried in the United States District Court for the Southern District of New York by Judge Bryan and a jury on a three count indictment.

place on the following day, August 12, 1958, at which time the second sale was made for $175; after which Ayala told Newkirk that he could always be found in the area of 111th Street and Lenox Avenue between the hours of 6 and 8 o'clock p. m. and would be willing to sell him heroin on any occasion.

On September 15, 1958 Newkirk met Ayala again in the same area and Ayala left in a car to obtain the heroin. He was followed by narcotic agent Fred Dick in a government automobile until he and a woman accompanying him left their car and got into a taxicab. Agent Dick followed in another taxi until they came to an apartment house in the Bronx and waited outside until Ayala and the woman came out of the building. Agent Dick approached Ayala, displayed his badge, and told him he was under arrest. Ayala backed away but agent Dick caught him by the belt and held him. Ayala pulled away, the belt broke, and Ayala started running. Agent Dick pursued him, fired two warning shots, and finally caught him. Agent Dick noticed that Ayala threw away a small package as he ran. The package was recovered and was found to contain heroin.

Appellant was arraigned the following day at which time it became known that Ayala had at times been an informer for the Bureau of Customs and he indicated a willingness to assist the narcotic agents. Upon arraignment he was released on his own recognizance by the United States Commissioner. Sometime in November, 1958, Ayala went to Cuba and entered the taxicab business. He was indicted on December 2, 1958 and a bench warrant was issued for his arrest on that date. Ayala returned to the United States early in 1960 and was arrested on October 5, 1961.

■ The Government sought to offer testimony that Ayala made a trip to Cuba in November 1958. Objection was made and argument out of the hearing of the jury was had. The Government argued that the evidence of flight was admissible because the trip was made "after a warrant was issued for his arrest."

After further discussion at the bench, Ayala's attorney said, "Let him have it. I don't care." The testimony was then given of Ayala's trip to Cuba and his return. Evidence of flight generally is admissible as is other circumstantial evidence. It is not conclusive, but is subject to varying interpretations. The accepted technique is for the judge to receive the evidence and permit the defendant to bring in evidence in denial or explanation. 2 Wigmore, Evidence § 276 (e); McCormick on Evidence § 248. Ayala maintains, however, that since the Government was in error in stating to the Court that a warrant had been issued before the trip to Cuba was made, it was error for the Court to have admitted the testimony. The existence of a warrant is not a prerequisite to an offer of proof of flight. In Gicinto v. United States, 212 F.2d 8 (8th Cir.1954), cert. denied, 348 U.S. 884, 75 S.Ct. 125, 99 L.Ed. 695, evidence that the defendant made application for a passport before the crime was committed was held admissible. See also: United States v. Waldman, 240 F.2d 449 (2d Cir.1957). The trial judge charged the jury as to the flight from the arresting officer but made no comment on the trip to Cuba.

■ Ayala's second major assertion of error relates to the imposition of the sentence on the second and third counts as a second offender. On August 1, 1958, Ayala was convicted of a federal narcotics offense. Because the offense charged in the first count of the present indictment occurred two days prior to August 1, 1958, Ayala was sentenced on that count as a first offender. However, the offenses charged in the second and third counts occurred after August 1, 1958, and Ayala was sentenced on these counts as a second federal narcotics offender. He argues that this was error because a conviction must be regarded "as a single entity regardless of the number or content of the individual counts of the indictment upon which the conviction is based." If this view were adopted, the decision of the Government to include the first count in the present indictment

would automatically mean that sentencing on all counts would have to be as a first offender, even though appellant concedes that if the first count had been omitted sentencing on the other two counts as a second offender would have been proper. We see no reason why the offenses charged in the second and third counts must be regarded as inseparably bound to that charged in the first when in any other context they would clearly and logically be regarded as offenses subsequent to Ayala's conviction on August 1, 1958. The inclusion of the first count in the indictment does not alter this chronology. Ayala's conviction on August 1, 1958 preceded the commission of the offenses charged in the second and third counts, and it was only on these two counts that he was sentenced as a second offender. We find no merit in appellant's other miscellaneous contentions.

We are indebted to assigned counsel for his painstaking preparation and presentation of appellant's contentions on this appeal.

Affirmed.