THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JEWELL GRIFFIN, Defendant-Appellant.

(No. 73-16; ▮▮▮▮▮▮▮▮)

Third District—October 31, 1974.

462

Thomas A. Dunn, of Dunn, Stefanich, McGarry & Kennedy, of Joliet, for appellant.

George S. Bellas, Assistant State's Attorney, of Joliet, for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

The defendant, Jewell Griffin, was charged with the offense of armed robbery. After a bench trial he was found guilty and sentenced by the Circuit Court of Will County to not less than 5 years nor more than 15 years.

From this conviction defendant appeals contending: (1) that the trial court erred in the admission of evidence of flight, (2) that the court erred in the admission of evidence which tended to prove other crimes, (3) that there was error in receiving evidence of statements of accused, (4) that testimony of an "eavesdropper" should not have been admitted and (5) the State's use of identification procedure violated due process.

■■ During the course of defendant's trial the State introduced testimony which indicated that on December 24, 1971, some time after the commission of the offense, the defendant was observed standing in the doorway of a store by Officer Breen then in plain-clothes. The officer testified that he recognized the defendant and when the defendant saw the officer signal to another plain-clothed officer, the defendant ran from the area. At this time there was a warrant outstanding for the arrest of the defendant. The officer further testified that he was a uniformed policeman for 40 months prior to December 24 and that defendant had seen him while he had been in uniform and he assumed the defendant knew him to be a policeman.[1] The only objection raised at the trial was that since the crime occurred on November 12, the occurrence on December 24 was too remote. The trial court properly overruled the objection since evidence of flight is generally admissible regardless of time. 22A C.J.S. *Criminal Law* § 625b (1961); *People v. Wright,* 30 Ill.2d 519.

It is defendant's position on appeal that to show flight from arrest there must be independent foundation evidence showing that he had knowledge that he was suspect and, apparently, conclusive proof that he knew the officer to be a policeman. The argument is founded on *People v. Cox,* 74 Ill.App.2d 342, where there was no evidence in the record that the defendant knew or should have known that he was a suspect. *Cox* was based on *People v. Harris,* 23 Ill.2d 270, and *People v. Herbert,* 361 Ill. 64.

■■ Flight in criminal law is defined as the evading of the course of justice by voluntarily withdrawing oneself in order to avoid arrest or detention, or the institution or continuance of criminal proceedings. The term signifies in legal parlance, not merely a leaving, but a leaving or concealment under a consciousness of guilt and for the purpose of evading arrest. Such consciousness and purpose is that which gives to the act of leaving its real incriminating character. *Herbert, supra,* at 73; 14A I.L.P. *Criminal Law* § 270 (1968).

In Illinois, evidence of an accused's flight has long been admissible as a circumstance from which an inference of guilt may be drawn. It is evidence of a consciousness of guilt and thus probative of guilt itself. Gard, Illinois Evidence Manual, Rule 55 (1972 Supp.); *People v. Smith,* 127 Ill.App.2d 199; *People v. Rossini,* 25 Ill.2d 617.

■■ Direct proof that accused had actual knowledge of his possible arrest is not necessary to render admissible evidence of flight, particularly where there is evidence in the case from which such fact may be inferred.

---

[1] Defendant later testified that he did in fact know the officer to be a policeman and that he knew the police were looking for him but he did not know it was for this crime.

(22A C.J.S. *Criminal Law* § 625a (1961).) If the circumstances were such as to give the defendant "reason to know" that Breen was an officer, the trier of fact would be warranted in drawing the inference of actual knowledge. Further, when a crime has been committed on the person, as here, the other facts and circumstances in the case may be considered to draw an inference that defendant knew or should have known that he was accused or suspected of the crime.

We believe that the evidence of defendant's flight was properly allowed into evidence by the trial court.

■■ During Officer Breen's testimony it was brought out that on December 24 he had been assigned to a special shoplifting unit thus accounting for his presence in plain clothes. Defendant contends that this is proof of other crimes by innuendo. We cannot agree that this either shows or tends to show that accused has committed another crime wholly independent of, and unconnected with, that for which he was on trial. The testimony was not evidence of other crimes and there is no merit to defendant's contention. Further, evidence of flight is admissible even though it tends to show other offenses against the criminal law.

■■ After the defendant was eventually arrested he gave a statement. Officer Breen testified that prior to any questioning the defendant "was advised of his constitutional rights of a person in custody and a standard form of our department was used, made, filled out, and signed by Mr. Griffin." No objection as to the propriety of this foundation for the introduction of the statement was made, and the statement was admitted without objection. Defendant now contends that it was error to admit the statement without a specific detailing of the commands of *Miranda v. Arizona*, 384 U.S. 436, 16 L.Ed.2d 694, 86 S.Ct. 1602. It is true that a knowing and intelligent waiver of a defendant's rights cannot be assumed on a record which is silent. This record is not silent and further, the exact point was raised in *People v. Hicks*, 44 Ill.2d 550. There, as here, defense counsel neither requested a preliminary hearing, nor objected to the testimony. The court said, "In light of these failures, defendant cannot complain on appeal."

Defendant contends that the trial court erred in allowing the State to introduce testimony as to a telephone communication made by defendant while he was in custody. At the trial defendant objected on the ground that he had a right of privacy while phoning friends. Officer Wagoner testified that while on duty as a jailer, the defendant asked to use the telephone and was allowed to do so. The jailer overheard the defendant tell the person on the other end of the line to tell defendant's lawyer that he was with the defendant on the night of the robbery. The telephone

used was on the jailer's desk and he sat about 4 feet from the defendant while the conversation took place.

■■ The facts of this situation do not indicate any expectation of privacy at any time on the part of defendant. The statements overheard were not elicited by interrogation by or on behalf of the police and are thus excluded from the application of the *Miranda* holding. (*People v. Brooks,* 51 Ill.2d 156, 161.) Once the defendant has been informed of his *Miranda* rights as here and indicates that he understands these rights as here it would seem that his choosing to speak and not requesting a lawyer is sufficient evidence that he knows his rights and chooses not to exercise them. (*Brooks, supra,* at 164.) Defendant now, however, contends that *Massiah v. United States,* 377 U.S. 201, 12 L.Ed.2d 246, 84 S.Ct. 1199, and *Johnson v. New Jersey,* 384 U.S. 719, 16 L.Ed.2d 882, 86 S.Ct. 1772, would bar the admission of defendant's statements since they were made without the presence of counsel. In interpreting *Massiah* our supreme court has followed an interpretation which would exclude " '*      *      * post-indictment* incriminating statements of an accused to government agents in the absence of counsel even when not deliberately elicited by interrogation or induced by misapprehension engendered by trickery or deception.' " (Emphasis added.) (*People v. Milani,* 39 Ill.2d 22, 27; *People v. Halstrom,* 34 Ill.2d 20.) However, in the instant case the statement was made *prior to indictment* and therefore *Massiah* has no application. *Johnson v. New Jersey* simply held that the *Escobedo* and *Miranda* decisions were applicable only to those cases in which trial began after the decisions were announced. It has no application to the instant case.

Barbara Fried testified that she and her husband were the managers of Motel 6 which was robbed on November 12, 1971, at about 8:30 P.M. She positively identified the defendant as being one of the perpetrators. About a week after the robbery she saw the defendant again at the Motel —she told her husband, but he didn't believe her.

Elaine Johnstone, an employee of the Motel, also positively identified the defendant as the one who held a sawed-off shotgun on Marvin Fried.

Marvin Lee Fried testified also as to the events of that night and he positively identified the defendant as the robber who held the gun on him. During cross-examination the witness stated that he had seen the defendant later in his motel but did not immediately recognize him until his wife called his attention to defendant. He immediately called the police, but when they arrived the defendant had fled.

On December 5, 1972, each of the identification witnesses selected defendant's picture from an assortment of police photos. Officer Lukancic

testified that he showed the pictures to Mrs. Fried and after she identified the defendant, Mr. Fried then identified the defendant. Although no objection was raised at the trial, defendant now contends that Mr. Fried's identification of defendant was impermissibly suggestive.

■■ The practice of permitting victims of a crime, when an identification is attempted, to view a line-up in the presence of each other has been criticized. (See *United States v. Wade*, 388 U.S. 218, 18 L.Ed.2d 1149, 87 S.Ct. 1926; *People v. Burbank*, 53 Ill.2d 261.) But we need not make a determination whether the identification procedure was improperly suggestive. This is because even if it were so determined, the in-court identification by the witness would be admissible if it were based on a source independent of and uninfluenced by suggestive pretrial procedure and was not affected by the latter. *People v. Johnson*, 55 Ill.2d 62; *People v. Blumenshine*, 42 Ill.2d 508.

In the instant case each witness viewed the defendant at close range for several minutes during the robbery. The lighting, provided by three 100-watt bulbs plus two 100-watt neon tubes, was excellent. There was no impediment to complete observation. We conclude that there was clear and convincing evidence that each of the three witnesses' identifications of the defendant had an origin independent of what, for the purposes of this argument, we have assumed to have been a suggestive and improper procedure, and was properly received in evidence. *People v. Connolly*, 55 Ill.2d 421, 427.

For reasons stated herein, the judgment of the trial court is affirmed.

Affirmed.

SCOTT, P. J., and ALLOY, J., concur.