No. 49,248

STATE OF KANSAS, *Appellee,* v. LELAND WARDELL WALKER, *Appellant.*

(595 P.2d 1098)

Opinion filed June 9, 1979.

*Ernest L. Johnson,* of Kansas City, Kansas, argued the cause and was on the brief for appellant.

*Philip L. Sieve,* chief deputy district attorney, argued the cause and *Robert T. Stephan,* attorney general and *Nick A. Tomasic,* district attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: This is a direct appeal by defendant-appellant from a jury conviction of one count of aggravated robbery. K.S.A. 21-3427.

On March 29, 1976, Dennis Harris, the operator of an automobile repair shop, was robbed at gun point by two black males. Later that same day Harris made a positive identification, from photographs shown him by police, of the defendant as one of the robbers. Harris again made a positive identification of the defendant on March 30th from different photographs shown to him.

On April 2, 1976, Detective Shelby Johnson went to an address in Kansas City, Kansas, to question defendant Walker. When he

knocked at the door it was answered by a young woman who stated Walker was not home. Johnson asked the woman to have Walker call him and left his card and telephone number. Later that day Walker called and made an appointment to see Johnson; however, he failed to show up. On April 5, 1976, Johnson returned to the same house and again attempted to contact Walker. The same woman answered the door and advised that Walker was not home. Johnson, being suspicious, left the premises and drove a short distance where he parked his car in a position to keep the residence under surveillance. Approximately twenty minutes later a car drove up, Walker ran out of the house, entered the car and it departed. Johnson followed in his police car. When the driver of the first car and Walker became aware they were being followed, the driver stopped the car, and Walker jumped out and ran, eluding the detective at that time.

On July 11, 1976, Walker was in custody in Kansas City, Missouri, where he was identified in a police lineup by Harris and subsequently returned to Kansas City, Kansas, for trial.

Evidence of the defendant's flight from Detective Johnson on April 5, 1976, was admitted at trial, over defendant's objections, to establish the defendant's consciousness of guilt. Appellant contends the admission of such evidence was prejudicial error entitling him to a new trial.

Appellant does not attack the general rule that evidence of flight may be admissible in order to establish the defendant's consciousness of guilt. 29 Am. Jur. 2d, Evidence § 280; 22A C.J.S., Criminal Law § 625; *State v. McCorgary,* 218 Kan. 358, 543 P.2d 952 (1975), *cert. denied* 429 U.S. 867 (1976). Appellant argues that admission of "flight" evidence is limited to circumstances which directly *connect* it to the charged crime for which defendant feels guilt, as when the defendant flees the actual crime scene. In essence, appellant is asking this court to qualify the admissibility of "flight" evidence with a time and knowledge limitation. The former would require the flight to occur immediately or soon after the alleged crime. The latter would require the prosecution to show the accused had reason to believe he was being sought in connection with commission of the offense in question.

It is well settled that conduct of the accused following the commission of an alleged crime may be circumstantially relevant

to prove both the commission of the acts charged and the intent and purpose for which those acts were committed. Among such conduct is flight of the accused. *Strom v. United States,* 50 F.2d 547, 548 (9th Cir. 1931); *Bird v. United States,* 187 U.S. 118, 131, 47 L.Ed. 100, 23 S.Ct. 42 (1902); *Allen v. United States,* 164 U.S. 492, 499, 41 L.Ed. 528, 17 S.Ct. 154 (1896); 19 Fed. Practice Digest 2d § 351(3), p. 592 (West 1976) and pp. 72-73 (1978 Supp.).

The United States Supreme Court has expressed certain reservations about the probative value of flight evidence:

"[W]e have consistently doubted the probative value in criminal trials of evidence that the accused fled the scene of an actual or supposed crime. In *Alberty v. United States,* 162 U.S. 499, 511 [40 L.Ed. 1051, 1056, 16 S.Ct. 864], this court said:

'. . . it is not universally true that a man, who is conscious that he has done a wrong, "will pursue a certain course not in harmony with the conduct of a man who is conscious of having done an act which is innocent, right and proper;" since it is a matter of common knowledge that men who are entirely innocent do sometimes fly from the scene of a crime through fear of being apprehended as the guilty parties, or from an unwillingness to appear as witnesses. Nor is it true as an accepted axiom of criminal law that "the wicked flee when no man pursueth, but the righteous are as bold as a lion." ' " *Wong Sun v. United States,* 371 U.S. 471, 483 n. 10, 9 L.Ed.2d 441, 83 S.Ct. 407 (1963).

In light of the position of the United States Supreme Court as to the probative value of flight evidence, its admission, although proper in many cases, should be regarded with caution.

The general rule is that flight after the commission of a crime is admissible regardless of the time or stage in the proceedings when the flight occurs. It is not necessary that the flight occur immediately after the perpetration of the crime. It may occur before filing formal charges, before arrest, after indictment, or after arrest. Moreover, direct proof that the accused had knowledge of his possible arrest is not necessary, particularly where there is evidence in the case from which such fact may be inferred. 22A C.J.S., Criminal Law § 625(b).

Although this court has not had the occasion to define the limits of admissibility regarding flight evidence, its general admission has long been recognized. *State v. McCorgary,* 218 Kan. 358; *Hanks v. United States,* 388 F.2d 171 (10th Cir. 1968); *State v. Townsend,* 201 Kan. 122, 439 P.2d 70 (1968); *State v. Martin,* 175 Kan. 373, 265 P.2d 297 (1953); *State v. Grady,* 147 Kan. 268, 76 P.2d 799 (1938); *State v. Hays,* 113 Kan. 588, 215 Pac. 1109 (1923); *State v. Woodruff,* 47 Kan. 151, 27 Pac. 842 (1891).

The admissibility boundaries of other jurisdictions show a

wide variation regarding both the time of the flight and the requirement of knowledge by defendant that he is being sought. The Eighth Circuit would appear to impose the most severe restrictions upon the admissibility of flight evidence. In *United States v. White*, 488 F.2d 660 (8th Cir. 1973), the defendant fled when confronted by federal agents five months after the crime. There was no evidence that the defendant knew at the time of his flight that he was being sought for the crime charged, nor was he so advised when confronted. The court found error in the giving of a flight instruction and stated that if the inference of guilt to be drawn from flight is to have any validity, the trial court should assure itself that some evidence exists showing knowledge by the defendant of an accusation of the specific crime charged.

The Ninth Circuit in *Embree v. United States*, 320 F.2d 666 (9th Cir. 1963), held that the defendant's flight constituted neither admission nor evidence of guilt because there was no evidence indicating he was informed, previous to his flight, that he was being sought for the offense charged.

The restrictive nature of *Embree* was qualified in the later case of *Shorter v. United States*, 412 F.2d 428 (9th Cir.), *cert. denied* 396 U.S. 970 (1969). In that case, the defendant fled from an encounter with police three weeks after a bank robbery. Evidence of flight was admissible where there was evidence to infer that the defendant knew he was being sought for the robbery. There is also language in the opinion indicating that this showing of knowledge is not necessary.

The Seventh Circuit has refused to restrict the scope of flight evidence as severely as the Eighth Circuit. However, in cases in which a defendant's flight occurs a substantial time after the crime, defendant's knowledge that he is accused of or sought for the crime charged will be a significant consideration on the admissibility of flight evidence. *United States v. Jackson*, 572 F.2d 636 (7th Cir. 1978). In *Jackson*, evidence of flight occurring 3-½ months after the crime was held to be inadmissible.

In the state courts there is also a split of opinion regarding the necessity of knowledge by the defendant that he is being sought for the specific crime in question. In *People v. Newton*, 52 Cal. Rptr. 727 (1966), the Supreme Court of California stated that in order for flight to have evidentiary force, it must take place under such circumstances that it appears the defendant knew he was

charged with the crime involved and was attempting to avoid apprehension for that offense. In that case, defendant fled from an encounter with police in a neighborhood where eight days previously a burglary, rape and robbery took place. Flight evidence was held inadmissible. See also *People v. Alvarado,* 164 Cal. App. 2d 603, 331 P.2d 157 (1958).

Illinois, in one case, required actual knowledge and in a later case relaxed the requirement to inferential knowledge. In *People v. Harris,* 23 Ill. 2d 270, 178 N.E.2d 291 (1961), the Supreme Court of Illinois said that the inference of guilt that may be drawn from the flight depends upon the defendant's knowledge that the crime has been committed and that he is or may be suspected. In *People v. Griffin,* 23 Ill. App. 3d 461, 318 N.E.2d 671 (1974), a robbery occurred on November 12th and defendant fled from police on December 24th. The court held the flight was not too remote and defendant's knowledge that he was being sought for the crime in question could be inferred from the surrounding circumstances.

The majority of jurisdictions are not as strict as the Eighth Circuit *White* case. Evidence of flight is generally held to be admissible regardless of time lapse, and knowledge on the part of the defendant of accusation, if required at all, may be inferred from the surrounding circumstances. Evidence which tends to weaken the inference of guilt implicit in flight, such as a lengthy interim between crime and flight, does not render the evidence of flight inadmissible, but is merely to be considered by the jury in weighing the effect of such evidence. Torcia, *1 Wharton's Criminal Evidence,* § 214 (13th ed. 1972 and 1979 Supp.)

In the Missouri case of *State v. Ball,* 339 S.W.2d 783 (1960), unexplained flight and resisting arrest, thirty days after the crime charged, was held to be relevant circumstantial evidence and the lapse of time between the commission of the crime and the flight was held to go to the weight of the evidence rather than its admissibility. A similar result was reached in *Davis v. State,* 237 Md. 97, 205 A.2d 254 (1964), *cert. denied* 382 U.S. 945 (1965). See also *United States v. Craig,* 522 F.2d 29 (6th Cir. 1975); *Cox v. State,* 170 Tex. Crim. 128, 338 S.W.2d 711 (1960).

In *United States v. Malizia,* 503 F.2d 578 (2nd Cir. 1974), *cert. denied* 420 U.S. 912 (1975), the court held that the existence of a warrant or proof of defendant's knowledge that he is being

charged with a crime are not prerequisites to the admissibility of flight evidence. See also *United States v. Miles,* 468 F.2d 482 (3d Cir. 1972); *Shorter v. United States,* 412 F.2d 428; *United States v. Ayala,* 307 F.2d 574 (2d Cir. 1962); *State v. O'Meara,* 190 Iowa 613, 177 N.W. 563 (1920).

With this background we now turn to the case at bar. The robbery of Harris took place March 29th and only four days later, on April 2nd, Detective Johnson attempted to contact the defendant for questioning. Defendant knew he was being sought as he actually did contact Johnson on that same day but failed to appear for a subsequent appointment. While appellant may not have had actual knowledge of the specific reason Johnson was seeking him, he certainly knew it was in connection with a police matter. Only three days later, on April 5th, the flight from Detective Johnson occurred. In the present case, a positive identification having been made, it is reasonable to assume that appellant knew or suspected he was being sought in connection with the Harris robbery. Certainly there was no lengthy or unreasonable lapse of time.

We do not deem it advisable to adopt the restrictive rule of *White* but are of the opinion that the less restrictive rule is the better one. Actual knowledge by a defendant that he is being sought for the crime in question is not a prerequisite to the admission of evidence of flight as tending to show consciousness of guilt but merely goes to the weight to be given such evidence. This is especially true when the flight occurs within a reasonable time of the crime. Possibly such a precautionary prerequisite might be justified in situations where the flight occurs months later. However, we deem it the better reasoned authority to admit flight evidence for consideration by the court or jury with such factors as time lapse and accusation knowledge going to the weight to be given the evidence. The evidence was properly admitted.

The judgment is affirmed.