No. 53,189

STATE OF KANSAS, *Appellee,* v. BRODERICK J. ANDERSON,
*Appellant.*

(640 P.2d 1232)

Opinion filed February 27, 1982.

*Francis G. Martin,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Nick A. Tomasic,* district attorney, were with him on the brief for appellee.

*John H. Fields,* of Carson, Fields, Boal, Jeserich and Asner, of Kansas City, argued the cause and was on the brief for appellant.

The opinion of the court was delivered by

McFARLAND, J.: Broderick J. Anderson appeals his conviction of rape (K.S.A. 1980 Supp. 21-3502).

Facts pertinent to the determination of each issue will be set forth as needed.

The first point to be determined is alleged error in the admission of testimony relative to defendant's flights from the police. Defendant fled from police officers on three separate occasions in the three days following the crime herein. Defendant argues such testimony was not admissible for the failure of the prosecution to establish defendant's prior knowledge that he was being sought for the particular crime charged herein.

In *State v. Walker,* 226 Kan. 20, 595 P.2d 1098 (1979), this court addressed the admissibility of flight evidence and held:

"Actual knowledge by a defendant that he is being sought for the crime in

question is not a prerequisite to the admission of evidence of flight but merely goes to the weight to be given such evidence by the trier of the facts." (Syl. ¶ 4.)

No error in the admission of evidence of flight has been shown.

The next point is alleged error in the exclusion of evidence of the victim's prior sexual activity. The victim herein was defendant's sister. Specifically, defendant sought to introduce evidence establishing the victim had suffered a spontaneous abortion a month before the crime. Additionally, defendant sought to elicit testimony from the victim as to whether she was "sexually active." The trial court excluded such evidence on the basis of the rape shield statute, K.S.A. 60-447a.

Defendant argues that inasmuch as the medical evidence established sexual intercourse had occurred during the time period in question, he had a right to introduce any evidence from which a jury might speculate the male partner to the act was not the defendant.

Defendant proffered no evidence that sexual intercourse between the victim and anyone else had occurred during any relevant period of time.

We conclude no abuse of discretion in excluding the evidence has been shown.

The third and final point is whether the trial court erred in denying defendant's motion to dismiss the charge for violation of the speedy trial statute, K.S.A. 1980 Supp. 22-3402.

Defendant was arraigned on October 10, 1980. On October 16, 1980, pretrial was continued on request of defense counsel. Eleven days are chargeable to the defendant as a result. On October 30, 1980, defendant attempted suicide. While incarcerated he continued to exhibit other bizarre behavior. On November 6, 1980, the jail psychologist informed the trial court that defendant needed an in-depth competency examination at Osawatomie State Hospital. The trial court advised defense counsel of this development by telephone and offered to have a hearing on the question of whether commitment should be ordered. The hearing was not requested and defense counsel approved the written order of commitment. On December 29, 1980, the report came back indicating defendant was competent to stand trial. On January 7, 1981, the order directing defendant's return to Wyandotte County was entered and jury trial was commenced on March 2, 1981.

K.S.A. 1980 Supp. 22-3402 provides in relevant part:

"Discharge of persons not brought promptly to trial. (1) If any person charged with a crime and held in jail solely by reason thereof shall not be brought to trial within ninety (90) days after such person's arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (3).

.   .   .   .

"(3) The time for trial may be extended beyond the limitations of subsections (1) and (2) of this section for any of the following reasons:

.   .   .   .

"(b) A proceeding to determine the defendant's competency to stand trial is pending and a determination thereof may not be completed within the time limitations fixed for trial by this section .   .   .   ."

Defendant argues that the 90-day time limitation of K.S.A. 1980 Supp. 22-3402 continues to run during a competency examination unless an order is entered by the trial court specifically extending the time for trial. No such order was entered herein, and defendant contends he should have been discharged.

We do not agree. K.S.A. 1980 Supp. 22-3402(1) provides the defendant shall be tried within 90 days "unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered." Defendant's continued bizarre behavior while incarcerated was the cause of the delay and the time utilized in the competency examination is chargeable to him. See *State v. Warren,* 224 Kan. 454, Syl. ¶ 4, 580 P.2d 1336 (1978). We conclude that when it appears that a criminal trial cannot be commenced within the 90-day period prescribed by K.S.A. 1980 Supp. 22-3402 as a result of a pending competency evaluation of the defendant, the better practice would be for the trial court to enter an order specifically extending the time for trial, but the failure to do so does not mandate dismissal of the action.

No error having been shown, the judgment is affirmed.