**UNITED STATES of America ex rel. Rueben PALMER, Petitioner-Appellant,**

v.

**Richard DeROBERTIS and Neil Hartigan, Respondents-Appellees.**

No. 83–1148.

United States Court of Appeals, Seventh Circuit.

Argued April 9, 1984.

Decided May 14, 1984.[*]

Certiorari Denied Oct. 15, 1984. See 105 S.Ct. 306.

---

[*] The Honorable Edward H. Johnstone, United States District Court for the Western District of Kentucky, sitting by designation.

[*] This case was originally decided May 14, 1984 in an unpublished order. Pursuant to our order of June 7, 1984, we now publish the opinion.

Carol M. Rice, Kirkland & Ellis, Chicago, Ill., for petitioner-appellant.

Michael E. Shabat, Cook County State's Atty., Chicago, Ill., for respondents-appellees.

Before ESCHBACH and FLAUM, Circuit Judges, and JAMESON, Senior District Judge.**

JAMESON, Senior District Judge.

This is an appeal from an order of the district court dismissing Palmer's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, and granting respondents' motion for summary judgment. We affirm.

Palmer was convicted in the Circuit Court of Cook County, Illinois, of armed robbery and sentenced to an 18 year term of imprisonment which he is now serving. His conviction was affirmed by the Illinois Appellate Court in an unpublished order. *People v. Palmer*, 98 Ill.App.3d 1201, 56 Ill.Dec. 647, 427 N.E.2d 1052 (1st Dist. 1981).

On this appeal, Palmer relies primarily upon two contentions: (1) that the admis-

** The Honorable William J. Jameson, Senior District Judge of the District of Montana, sitting by designation.

sion of evidence and prosecutorial comment concerning flight denied him a fundamentally fair trial; and (2) the prosecution's peremptory challenge of blacks denied Palmer the right to a trial by an impartial jury and equal protection of the law.

Palmer was charged with the armed robbery of Janice Fulkerson and George Brack. Both victims testified that on November 11, 1978, they were robbed at gun point by three men. Both identified Palmer as one of the robbers. They also identified him at a lineup four days after the crime. In addition to the victims, two police officers testified for the state. The defendant rested without presenting any evidence.

The facts relative to flight were well summarized in the district court's opinion:

On November 15, 1978, two Chicago Police Officers in an unmarked car observed a Cadillac automobile with the license plate bent so as to obscure the numbers. The officers attempted to curb the Cadillac, but the driver sped away, leading them on a high-speed chase. The police lost the Cadillac in traffic, but later observed it parked in front of an apartment building. Three men, including petitioner, were standing nearby. When the officers pulled up, the three men attempted to flee. Petitioner entered the apartment building and the police followed. Petitioner ran up the stairs to the sixth floor where he engaged in a shouting match with an older gentleman who had an apartment there. The police arrived on the sixth floor as this was occurring and arrested petitioner.

In addressing the claim that this evidence of flight denied Palmer a fair trial, the Illinois Appellate Court said in part:

While evidence that defendant was aware that he was a suspect is essential to prove flight, actual knowledge of his possible arrest is not necessary to render such evidence admissible where there is

evidence from which such fact may be inferred. (*People v. Griffin* (1974), 23 Ill.App.3d 461, 318 N.E.2d 671.) In the present case, it was reasonable to conclude that defendant's flight was attributable to the armed robbery he committed four days earlier and, that in the absence of any testimony explaining his flight, it was properly admitted into evidence. (*People v. Ligon* (1973), 15 Ill. App.3d 746, 305 N.E.2d 212.) Moreover, if the introduction of evidence of flight was error, it was harmless in view of the overwhelming evidence of guilt.

*People v. Palmer,* No. 80–1132 at 2.

Erroneous evidentiary rulings will not cause a writ to issue unless a specific constitutional guarantee has been violated or the error is of such magnitude that the result is a denial of fundamental fairness. *Cramer v. Fahner,* 683 F.2d 1376, 1385 (7th Cir.), *cert. denied,* 459 U.S. 1016, 103 S.Ct. 376, 74 L.Ed.2d 509 (1982), and cases there cited. Moreover, where "the evidence of guilt is so strong that, even without the admission of the disputed evidence, the state proved its case ... beyond a reasonable doubt, the writ should not issue." *Id.*

In contending that the evidence of flight denied Palmer a fundamentally fair trial in violation of the Due Process Clause, Palmer argues that the trial judge questioned the relevance of the evidence of flight and instructed the prosecution not to go beyond the "bare circumstances of the arrest;" but notwithstanding the court's admonition the prosecutor argued the facts of the flight in detail. In particular, the trial judge found that evidence of the altercation and of guns in the car would be unduly prejudicial. The prosecutor did in fact refer in his closing argument to the "shouting and shoving match with an older gentleman," but there was no reference to the guns in the car. The trial judge denied a defense motion to strike the flight evidence.[1]

---

1. Appellant argues further that he was on probation on the day of his arrest, was a passenger in

a car where there were guns, and that the reasonable inference was that his flight was an

■ As this court noted in *United States v. Pate*, 426 F.2d 1083, 1086 (7th Cir.1970), *cert. denied, sub nom. Durso v. Pate*, 400 U.S. 995, 91 S.Ct. 469, 27 L.Ed.2d 445 (1971), in a due process analysis of questioned evidence, the issue is whether the probative value of the evidence outweighs the prejudice to the accused:

When it must be said that the probative value of such evidence, though relevant, is greatly outweighed by the prejudice to the accused from its admission, then the use of such evidence by a state may rise to the posture of the denial of fundamental fairness and due process of law.

The Illinois Appellate Court expressly found that the evidence in question was properly admitted, and if not, that any error was harmless. We agree with the district court that "no matter of fundamental or constitutional magnitude is involved," and that the ruling of the Illinois Appellate Court should not be disturbed.

■ Palmer, a black, contends that he was denied his right to a trial by an impartial jury and equal protection of the laws by the prosecution's peremptory challenge of blacks, with the result that no member of the jury belonged to his race.

The Illinois Appellate Court held that Palmer had waived all rights to challenge the jury selection procedure by reason of an agreement between the court reporter and defense counsel to exclude the reporter from the selection proceedings. *People v. Palmer*, at 4. Moreover, appellant failed to object at trial or in a post-trial motion to the composition of the jury although he did raise the question in a motion for new trial. The district court held that the failure to comply with state procedural rules waived his right to raise the issue in a habeas corpus proceeding, "absent a showing of the cause for and the prejudice resulting from the default," citing *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); and *U.S. ex rel Maxey v. Morris*, 591 F.2d 386 (7th Cir.1979). The court found that Palmer "had made no attempt to assert either the cause for the failure to object or the prejudice which would result had the proper objection been made, nor does it appear that such assertions could successfully be made."

■ Appellant argues that his trial counsel "ineffectively represented him in at least this aspect of the trial."[2] The Constitution guarantees a defendant the representation of counsel whose assistance meets "a minimum standard of professional representation." *United States ex rel Williams v. Twomey*, 510 F.2d 634, 641 (7th Cir.), *cert. denied, sub nom. Sielaff v. Williams*, 423 U.S. 876, 96 S.Ct. 148, 46 L.Ed.2d 109 (1975). *United States v. Weston*, 708 F.2d 302 (7th Cir.), *cert. denied,* — U.S. ——, 104 S.Ct. 397, 78 L.Ed.2d 540 (1983), outlines the factors which must be considered in determining whether counsel's representation amounted to "grossly incompetent professional conduct" in non-tactical cases. This includes the extent to which counsel's errors may have prejudiced defendant's case. As noted in *Weston*, counsel may "fail to follow court procedures properly, but do no harm to defendant's case." *Id.* at 306. We agree with appellee that enforcement of the waiver doctrine in this case has not resulted in a fundamental miscarriage of justice.

---

attempt to avoid the consequences of a probation violation. This argument was rejected on appeal in state court, the Illinois Appellate Court expressly holding that it was reasonable to conclude that the flight was attributable to the armed robbery committed four days before, in the absence of any contrary explanation by appellant.

**2.** Palmer had contended on appeal to the Illinois Appellate Court that counsel's ability to function properly was hindered by stress resulting from concern over his wife's health and his own heart trouble. Counsel had so advised the court at a suppression hearing, but six weeks later at the time of trial informed the court he was better and ready for trial. The Illinois Appellate Court found that both "during pretrial and trial, counsel rendered effective assistance to defendant."

With respect to the use of peremptory challenges by the prosecution, a similar factual situation was considered by the Supreme Court, in *Swain v. Alabama,* 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), where, of eight blacks on the venire, two were exempt and six were peremptorily struck by the prosecution. The Court recognized that "[t]otal exclusion of Negroes by the state officers responsible for selecting names of jurors gives rise to a fair inference of discrimination on their part," but held that "this rule of proof cannot be woodenly applied to cases where the discrimination is said to occur during the process of peremptory challenges of persons called for jury service." The Court noted that "[u]nlike the selection process, which is wholly in the hands of state officers, defense counsel participate in the peremptory challenge system...." *Id.* at 226–27, 85 S.Ct. at 839. In holding that the record of jury selection in a single case is not sufficient to prove systematic discrimination, the Court said:

> In the light of the purpose of the peremptory system and the function it serves in a pluralistic society in connection with the institution of jury trial, we cannot hold that the Constitution requires an examination of the prosecutor's reasons for the exercise of his challenges in any given case. The presumption in any particular case must be that the prosecutor is using the State's challenges to obtain a fair and impartial jury to try the case before the court. The presumption is not overcome and the prosecutor therefore subjected to examination by allegations that in the case at hand all Negroes were removed from the jury or that they were removed because they were Negroes.

*Id.* at 222, 85 S.Ct. at 836.

*Swain* has been followed in subsequent cases, including *Apodaca v. Oregon,* 406 U.S. 404, 413, 92 S.Ct. 1628, 1634, 32 L.Ed.2d 184 (1972), where the Court said in part: "All that the Constitution forbids ... is systematic exclusion of identifiable segments of the community from jury panels and from the juries ultimately drawn from those panels; a defendant may not, for example, challenge the makeup of a jury merely because no members of his race are on the jury, but must prove that his race has been systematically excluded." (citing *Swain* and other cases). See also *McCray v. New York, Miller v. Illinois* and *Perry v. Louisiana,* —— U.S. ——, 103 S.Ct. 2438, 77 L.Ed.2d 1322 (1983), denying writs of certiorari, where the Court impliedly rejected the suggestion in the dissenting opinion that it was time "to reexamine whether the rule announced in *Swain* under the Equal Protection Clause can be reconciled with the Sixth Amendment right of every defendant;"[3] and *Davis v. Illinois,* —— U.S. ——, 104 S.Ct. 986, 79 L.Ed.2d 222 (1984), denying a writ of certiorari to the Illinois Appellate Court, Fourth District. This case is controlled by *Swain* and its progeny.

AFFIRMED.

---

3. Appellant in his brief on appeal quotes from the dissenting opinion in *McCray,* —— U.S. at

——, 103 S.Ct. at 2443.