909 F.2d 1487
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Harold P. WHITE, Petitioner-Appellant,
v.
Michael V. NEAL, Respondent-Appellee.
 No. 89-1106.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 31, 1990.*
Decided Aug. 8, 1990.
 
 Before COFFEY and FLAUM, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 On June 8, 1988, Harold P. White, acting pro se, filed this 28 U.S.C. Sec. 2254 habeas corpus petition. In it, White challenged his 1986 convictions, following a jury trial in the Circuit Court of Champaign County, for criminal sexual assault and aggravated criminal sexual abuse against a fifteen-year old girl. White received a twelve-year prison term for his convictions which the Illinois Appellate Court affirmed, and the Illinois Supreme Court denied him leave to appeal. In his habeas petition, White first claimed that the state trial court erred in admitting evidence of his prior bad acts. This evidence involved testimony from three girls, one of which White allegedly forced to have intercourse with him in a rural area of Champaign, similar to the victim's charge in this case. Additional testimony was admitted from the other two girls who were allegedly fondled by White; one of these girls also allegedly was viewed while taking a shower at White's home. In his second claim, White argued that the state trial court erred in allowing the substitution of the trial judge during jury deliberations, and further, that he was prejudiced by this since the substitute judge issued a response to a question from the jury during its deliberations. The district court dismissed the second claim for failure to raise a constitutional issue but directed White to "explain ... how his constitutional rights were violated by the court's decision to allow the [prior bad acts] evidence." Following a review of that response, the district court concluded that the evidentiary issue did not raise an error of constitutional magnitude, see United States ex rel. Park v. Fike, 538 F.2d 750, 757 (7th Cir.1976) (citing United States ex rel. Bibbs v. Twomey, 506 F.2d 1220, 1223 (7th Cir.1974)), and the court dismissed the petition.
 
 
 2
 On appeal, White raises both issues decided against him by the district court and also asserts that the district court erred in denying his request for appointed counsel. We review White's habeas petition on a de novo basis and address each of his claims in turn.
 
 
 3
 In dismissing White's claim that the Illinois trial court erred in substituting judges during his criminal trial, the district court properly noted that this is a practice accepted under both federal and Illinois law. See Fed.R.Crim.P. 25(a); United States v. Lane, 708 F.2d 1394, 1396 (9th Cir.1983); People v. Moon, 107 Ill.App.3d 568, 574 (5th Dist.1982). Likewise, the district court correctly concluded that White's challenge is a matter of state law and is not cognizable in a federal habeas action. Moreover, we note that the record reveals that defense counsel met in chambers with the prosecutor and the substitute judge where the three discussed at length whether and how to respond to the jury's question which read: "The jury has reached a verdict on one count. If we can not decide on the other count what is the result of the entire case?" The court responded to the jury only after both sides had an opportunity to recommend and/or object to a response. Defense counsel did not object and White raises no ineffective assistance of counsel claim nor do we perceive one exists on these facts. We conclude, the district court properly dismissed this claim.
 
 
 4
 As for White's claims that the trial court erred in allowing evidence of his prior bad acts, we note, as did the district court, that evidentiary errors are grounds for issuing the writ of habeas corpus only when they are "of such magnitude that the result is a denial of fundamental fairness." See Dudley v. Duckworth, 854 F.2d 967, 970 (7th Cir.1988) (quoting United States ex rel. Palmer v. DeRobertis, 738 F.2d 168, 170 (7th Cir.), cert. denied, 469 U.S. 924 (1984)). Based on our review of the record, we conclude that the district court correctly dismissed this claim as White failed to assert an error of constitutional dimension.
 
 
 5
 Finally, White contends that the district court should have appointed counsel for him in this habeas action. Whether or not to appoint counsel in a habeas action is within the trial court's discretion and a denial of such a motion "is reviewable only for an abuse of discretion." McNeil v. Lowney, 831 F.2d 1368, 1371 (7th Cir.1987), cert. denied, 485 U.S. 965 (1988) (citing Childs v. Duckworth, 705 F.2d 915, 922 (7th Cir.1983); McKeever v. Israel, 689 F.2d 1315, 1318 (7th Cir.1982); Maclin v. Freake, 650 F.2d 885, 886 (7th Cir.1981)). Although White argues that his is an exceptional case requiring appointment of counsel, see Bounds v. Smith, 430 U.S. 817 (1977), we disagree. While we note that White has only an eighth grade education, he fairly presented his arguments both before the district court and here on appeal. More importantly, though, White's claims did not appear meritorious to the district court and the issues which White raised were not complex. White also did not demonstrate any inability to research the issues raised or show how counsel could have presented the case more effectively. The district court properly denied White's request for appointment of counsel.
 
 
 6
 For all the foregoing reasons, the district court's judgment dismissing White's habeas corpus petition is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P; Circuit Rule 34(f). Petitioner-Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record